IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GILLIAM, # M-23023 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-838-JPG |
| | ) |
| J. THACKER, | ) |
| BRITTON, | ) |
| FENOGLIO, M.D. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff Anthony Gilliam, currently incarcerated at Lawrence Correctional Center, in the Central District of Illinois, is serving a twenty-one year sentence for Armed Robbery. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Thacker and Britton, grounds crew members, and Defendant Fenoglio, the Medical Director of Lawrence. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

Upon review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**Defendants Thacker and Briton**

Gilliam states that early morning March 5, 2012 he slipped on the sidewalk between housing units at Lawrence because Defendants Thacker and Britton had applied salt to the walk and changed the natural condition of the sidewalk.  Plaintiff does not state a claim. [T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

**Defendant Fenoglio**

Plaintiff states that after his fall on the sidewalk, he sought treatment from Defendant Fenoglio who examined him and provided him with ibuprofen.  Plaintiff's requests for more potent painkillers, a neck brace, a cane and X-rays were denied.  Plaintiff states that this constitutes deliberate indifference on the part of Dr. Fenoglio and is an Eighth Amendment violation.  Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

**Disposition**

The entire action and Defendants **THACKER, BRITTON AND FENOGLIO will be dismissed with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the

provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE** this case and final judgment shall enter**.**

**IT IS SO ORDERED.**

DATED:   August 28, 2012

                                                  *s/J. Phil Gilbert*
                                               **United States District Judge**